UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH MCCOY, )<br>)<br>    *Plaintiff*, )<br>)<br>vs. )<br>)<br>BIOMAT USA, INC., *now known as*<br>GRIFOLS PLASMA, MS. APRIL, *Nurse*, and )<br>MS. JAN, *Nurse*, )<br>)<br>    *Defendants*. ) | No. 1:23-cv-02282-JMS-MKK |

## ORDER

*Pro se* Plaintiff Keith McCoy filed this lawsuit on December 18, 2023 against Defendants BioMat USA, Inc., *now known as* Grifols Plasma ("Biomat"), "Ms. April, *Nurse*," and "Ms. Jan, *Nurse*," relating to "[t]he current federal policy on gay and bisexual men donating" blood. [Filing No. 1 at 2.] On April 24, 2024, Mr. McCoy filed a Motion for Default Judgment against the Defendants. [Filing No. 11.] On April 30, 2024, Biomat filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(1) and 12(b)(6). [Filing No. 16.] Both Motions are now ripe for the Court's consideration.

### I.
### DEFAULT JUDGMENT

#### A.   Standard of Review

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a party seeking default judgment. *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (default judgment is a "two-step process . . . clearly outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure"); *see also Lowe v. McGraw–Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal

1

Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b); *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255.

**B.    Discussion**

Mr. McCoy has moved for default judgment against Defendants on the grounds that Defendants have not filed an answer.[1] [Filing No. 11.]

Biomat opposes the motion, arguing that Mr. McCoy has not obtained proper service and so the Court lacks personal jurisdiction over it. [Filing No. 15 at 1.] Biomat notes that Mr. McCoy mailed a copy of his Complaint and a summons to an address that was previously, but no longer, affiliated with Biomat and to an attorney who had previously represented Biomat in a different case brought by Mr. McCoy. [Filing No. 15 at 2.]

In reply, Mr. McCoy argues that Biomat has been properly served and highlights that he served Attorney Blake Burgan at Mr. Burgan's law firm and Biomat at one of its Indianapolis locations. [Filing No. 19 at 1.] He also notes that he called Biomat's customer service phone number and notified them of the summons and Complaint. [Filing No. 19 at 1.] He asserts that although Mr. Burgan is not a registered agent for Biomat, "he is the attorney for [Biomat] and is deemed by law to have been appointed to receive service." [Filing No. 19 at 1.] He argues that it does not matter that the Biomat location he mailed the summons and Complaint to is no longer active because he served Biomat in the other ways. [Filing No. 19 at 2.]

---

[1] Mr. McCoy only references Indiana's default judgment rule in his Motion, but the Court construes Mr. McCoy's arguments as made under the federal rules for default judgment, just as Biomat did, [*see* Filing No. 15], and because "[t]he Federal Rules of Civil Procedure, not state procedural rules, govern . . . in federal-question [ ] cases," *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005).

2

First, Mr. McCoy has filed a Motion for Default Judgment without first obtaining a Clerk's entry of default against Defendants. Accordingly, Mr. McCoy's Motion for Default Judgment, [Filing No. 11], is **DENIED** because he has not satisfied the first step of Rule 55 by first obtaining a Clerk's entry of default.

Second, in any event, the Court notes that default judgment, even if properly sought by first obtaining a Clerk's entry of default, would likewise be denied because Mr. McCoy has not perfected service against the Defendants. Defendants must be properly served in order for the Court to exercise personal jurisdiction and to enter a valid judgment against them. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint.") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) and *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001)); *see also Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300-01 (7th Cir. 1991). "Acceptable methods for service of process are specified in Rule 4 of the Federal Rules of Civil Procedure; the preferred approach is for the plaintiff to mail the defendant a copy of the complaint and summons . . . ." *Ligas*, 549 F.3d at 500-01. When the defendant is a corporation (as is Biomat), service must be made on "an officer, a managing agent or general agent, or any other agent authorized by appointment or by law to received service of process." Fed. R. Civ. Pro. 4(h)(1); *see also* Ind. R. Trial P. 4.6(A).

According to Mr. McCoy's Motion for Default Judgment, he mailed the summons and his Complaint to Biomat at 502 North Capitol Avenue, Indianapolis, IN 46204 and to Mr. Burgan, and called Biomat's customer service line. [Filing No. 9; Filing No. 10; Filing No. 11; *see* Filing

3

No. 15 at 2.] However, none of Mr. McCoy's methods are appropriate for service on Biomat. Fed. R. Civ. Pro. 4(h)(1); Ind. R. Trial P. 4.6. The Court takes note that Biomat's registered agent in Indiana, as reflected on the Indiana Secretary of State's Business Search Website and as provided by Biomat in its response, is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204. *Business Search*, IN.Gov, https://bsd.sos.in.gov/publicbusinesssearch (last visited July 25, 2024) (search for Biomat USA, Inc.). [Filing No. 15 at 2; Filing No. 15-1 (copy of Biomat's Business Information from the Indiana Secretary of State's Business Search Website).] Therefore, mailing a copy of the summons and Complaint to 502 North Capitol did not constitute proper service.

As for Mr. Burgan, courts in the Seventh Circuit have held that for an attorney to be considered an agent for service of process, the attorney must have been appointed for that precise task. *Schultz v. Schultz*, 436 F.2d 635, 638-39 (7th Cir. 1971) ("[T]he fact that [the attorney] was defendant's attorney in an unrelated action furnishes no basis for the validation of the service of process on him as such. The question remains as to whether he was defendant's agent, authorized by appointment to receive service of process in the instant case. We hold that he was not" where there was no express authorization by defendant that the attorney accept service of process.); *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 507-08 (N.D. Ill. 1995) ("In order for service on an attorney to constitute proper service on a party, the attorney must be specifically authorized by the defendant to perform that task.") (citations omitted); *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 147 (N.D. Ind. 1985) (for an attorney to be considered an agent to receive service of process on behalf of defendant, the attorney must be specifically appointed for the task, and "[c]ourts will not consider the fact that the attorney represented the defendant in an unrelated matter as evidence of an appointment for service of process") (citations omitted); *Mid-Continent Wood Products, Inc*, 936

4

F.2d at 301 (holding that "actual knowledge of the existence of a lawsuit [on behalf of either defendant or its attorney] is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process"). From the Court's research, it does not appear that Mr. Burgan is an agent authorized to receive service on behalf of Biomat or deemed by law to be an agent, Biomat asserts that he is not, and Mr. McCoy has not submitted proof showing otherwise.

Because Mr. Burgan's status as an attorney does not convert him into an authorized agent to receive service on behalf of Biomat, nor does his knowledge of the lawsuit or that of Biomat's (either from Mr. Burgan or from a phone call) confer personal jurisdiction over Biomat without valid service of process, Mr. McCoy's Motion for Default Judgment, [Filing No. 11], is **DENIED**.[2]

## II.
## MOTION TO DISMISS

### A.   Standard of Review for Rule 12(b)(1) Motion

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Jurisdiction is the "power to decide" and must be conferred upon the federal courts. *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).

When deciding a motion to dismiss under Rule 12(b)(1), the Court accepts the allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). However, when faced with a challenge to its subject-matter jurisdiction, the Court may look beyond the complaint and review whatever evidence has been submitted on the issue to determine whether, in fact, subject-matter

---

[2] Mr. McCoy's Motion for Default Judgment is against all Defendants. [Filing No. 11.] However, the docket does not indicate that service of process was even attempted on the individual Defendants, so the Court also **DENIES** Mr. McCoy's Motion as to those Defendants.

5

jurisdiction exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). The burden is on the plaintiff to prove by a preponderance of the evidence that subject matter jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

### B. Background

The following factual allegations are set forth in Mr. McCoy's Complaint, which the Court must accept as true at this time:

Mr. McCoy filed his Complaint on December 18, 2023 using the Court's *pro se* civil generic complaint form. [Filing No. 1.] As the basis for jurisdiction, Mr. McCoy checked the box "Federal question," and listed "[t]he current federal policy on gay and bisexual men donating" as the specific federal law at issue in the case. [Filing No. 1 at 2.] Mr. McCoy described his claim as follows:

> I was denied service on July 22, 2022[.] I believe I was discriminated against based on my sexual orientation (gay male)[.] On July 22, 2022, I went [into] the Defendant['s] [business] to donate. I was wearing women['s] [clothing] during my visit. I answered the kiosk questions like everyone else, but I was then asked to accompany a nurse ([Ms.] April) into a room where she asked me the same questions I answered through the kiosk. The other donors (other protected class) were not asked to accompany a nurse for more questions and completed the process quickly after answering the kiosk questions[.] [Ms.] April asked if I ever had sex with a man. Upon me answering yes, [Ms.] April told me that I could not donate blood because of that. Before leaving[,] [Ms.] Jan (manager) pulled me aside and told me not to say I had sex with a man the next time I go to give blood.

[Filing No. 1 at 5.] As for relief, Mr. McCoy asks for $380,000 damages and alleges that Defendants:

> violated [a] UK law called the current federal policy on gay and bisexual men donating blood when they permanently deferred plaintiff because he is gay and had sex with a man before, without complying with the new laws [and] requirements[.] [T]he [act of] permanently defer[ring] . . . Plaintiff . . . constitutes a discriminatory act[.] Plaintiff had the opportunity to make [$]200 . . . for 4 weeks as a new donor then [$]120 a week until age 65 at [D]efendants' blood bank.

[Filing No. 1 at 5.]

     **C.**    **Discussion**

In support of its Motion to Dismiss for lack of jurisdiction, Biomat argues that Mr. McCoy fails to invoke a federal law sufficient to confer subject-matter jurisdiction on the Court. [Filing No. 17 at 9-11.] It asserts that it understands his reference to "[t]he current federal policy on gay and bisexual men donating" as a reference to the FDA's "Revised Recommendations for Reducing the Risk of Human Immunodeficiency Virus Transmission by Blood and Blood Productions," ("FDA Guidance"), a copy of which it attaches as an exhibit. [Filing No. 17 at 10; *see* Filing No. 16-1.] Biomat highlights that the FDA Guidance explicitly states that the information contained therein "represents the current thinking of" the FDA "on this topic" and "does not establish any rights for any person and is not binding on the FDA or the public." [Filing No. 16-1 at 6; Filing No. 17 at 11.] Therefore, it argues that the FDA Guidance "does not confer enforceable legal rights on [Mr.] McCoy" sufficient to invoke the Court's subject-matter jurisdiction via federal question jurisdiction. [Filing No. 17 at 9-12.] Biomat also argues that Mr. McCoy's "vague reference to a UK law does not invoke the Court's federal question jurisdiction and asserts that although there are several federal statutes that prohibit discrimination on the basis of sexual orientation, Mr. McCoy's claim cannot be understood as arising under any of those statutes. [Filing No. 17 at 12-14.]

In response, Mr. McCoy asserts that Biomat's Motion should be denied because it has not shown that it had a "reasonable excuse" for its failure to appear or that it has a "meritorious defense." [Filing No. 18.] He argues that he is not relying on a UK law, but rather a "United States policy" and attaches as an exhibit "the current federal policy" he refers to in his Complaint. [Filing No. 18; Filing No. 18-1.] He argues that Biomat's argument regarding the non-binding nature of

the FDA Guidance is unavailing because the FDA Guidance also states "[i]n the context of the donor history questionnaire, FDA recommends that male or female gender be taken to be self-identified and self-reported," and to "[d]efer for 3 months from the most recent sexual contact, a man who has had sex with another man during the past 3 months." [Filing No. 18-1; Filing No. 18-1 at 8.] He highlights that the exhibit he attaches states that "[a]ll U.S. blood collection organizations must follow [the FDA Guidance]." [Filing No. 18; Filing No. 18-1 at 8.]

In reply, Biomat reiterates that the FDA Guidance upon which Mr. McCoy relies "is not a regulation or law of the United States for purposes of federal question subject matter jurisdiction," and asserts that the FDA Guidance "also does not create a private right of action for individuals." [Filing No. 21 at 1.] It notes that Mr. McCoy's exhibit is not the FDA Guidance itself, but rather "appears to be an old online opinion published by the Human Rights Campaign discussing the FDA's then-anticipated 2020 revisions to its 'men who have sex with men' or 'MSM' policy," and "an online statement issued by the Red Cross discussing the FDA's now-issued 'Revised Recommendations' on the same topic." [Filing No. 21 at 2-3.] It argues that although the Red Cross's online statement states that "[a]ll U.S. blood collection organizations must follow [the FDA Guidance]," the statement is merely Red Cross's opinion, and neither it nor statements issued by the Human Rights Campaign confer federal question jurisdiction on the Court. [Filing No. 21 at 3-4.]

Mr. McCoy filed a Reply in Support of Plaintiff's Motion to Deny Defendant['s] Motion to [Dismiss] the Complaint Under Rule 12(b)(1) and 12(b)(6), and an amended version, which the Court construes as a surreply. [Filing No. 24; Filing No. 25.] Generally, a surreply is limited to circumstances where the new arguments or new evidence is raised in the reply brief, *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011); *Reis v. Robbins*, 2015 WL

8

846526, at *2 (S.D. Ind. Feb. 26, 2015), but since Biomat did not object to Mr. McCoy's surreply, the Court considers it. He argues that the Court has federal question jurisdiction because he checked the box for federal question jurisdiction and indicated that he was suing under "[t]he current federal policy on gay and bisexual men donating." [Filing No. 25 at 1-2.] He asserts that based on that, there is jurisdiction on the face of his Complaint and Biomat's Motion must be denied. [Filing No. 25 at 1-2.] He argues that the FDA Guidance "is binding and therefore is an enforceable federal law" that confers federal question jurisdiction. [Filing No. 25 at 2-3.] He reiterates the factual allegations from his Complaint, includes portions of what appears to be a press release regarding the FDA's policies on blood donation from men who have sex with men ("MSM"), and attaches a published letter from Pride and Plasma to the FDA Blood Product Advisory Committee, titled Request for Revision of MSM Blood Donation Deferment Policy, as a 49-page exhibit. [Filing No. 25 at 2; Filing No. 25 at 4; Filing No. 25-1.]

For the Court to have federal question subject-matter jurisdiction, the plaintiff must allege a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]rising under" requires a "federal law [that] create[s] the cause of action asserted" or "circumstances where 'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility.'" *East Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958-59 (7th Cir. 2021) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Here, the Court does not have federal question jurisdiction because Mr. McCoy has not alleged a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Contrary to Mr. McCoy's argument, checking the box indicating that the Court has

9

federal question jurisdiction is not sufficient—a plaintiff must still allege a federal law under which individuals may sue, *East Cent. Ill. Pipe Trades*, 3 F.4th at 958-59, or a sufficient state law claim that raises a federal issue as contemplated in *Grable*, 545 U.S. at 314. Notably, Mr. McCoy's Complaint does not allege either.

      To start, Mr. McCoy points to and references documents discussing the FDA Guidance, but these are not law. Rather, these documents are third-party discussions on the FDA's policies. [Filing No. 18-1; Filing No. 24 at 4; Filing No. 24-1.] And as for the actual FDA Guidance,[3] it is not a law contemplated by 28 U.S.C. § 1331 and does not create rights upon which an individual can sue —statements that the FDA Guidance itself makes clear. *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 96-97 (2015) (guidance documents from an administrative agency, also referred to as "interpretive rules," "do not have the force and effect of law and are not accorded that weight in the adjudicatory process") (citation omitted); *Kisor v. Wilkie*, 588 U.S. 558, 584 (2019) ("An interpretive rule itself never forms the basis for an enforcement action—because . . . such a rule does not impose any legally binding requirements on private parties.") (quotations and citation omitted); Revised Recommendations for Reducing the Risk of Human Immunodeficiency Virus Transmission by Blood and Blood Products; Guidance for Industry, 85 Fed. Reg. 36595, 36595-96 (Jun. 17, 2020), *available for download at* https://www.regulations.gov/document/FDA-2015-D-1211-0135 (last visited July 25, 2024) (the FDA's current policy "provides blood establishments that collect blood or blood components . . with FDA's revised donor deferral *recommendations* for individuals with increased risk for transmitting HIV infection," and states that "[t]his guidance

---

[3] Although the FDA Guidance was not attached to Mr. McCoy's Complaint, it is nevertheless proper for the Court to consider. *Apex Digital, Inc.*, 572 F.3d at 444 (when faced with a challenge to its subject-matter jurisdiction, courts may look beyond the complaint and review whatever evidence has been submitted on the issue to determine whether subject-matter jurisdiction exists).

. . . represents the current thinking of the FDA on [the topic of reducing the risk of HIV transmission by blood products]" and "does *not establish any rights* for any person and is *not binding* on the FDA or the public") (emphases added). Therefore, neither the referenced materials nor the FDA Guidance invoke this Court's federal question jurisdiction. Additionally, the Court notes that Mr. McCoy's challenge to the FDA Guidance here is against Biomat and is not a properly pled challenge to the FDA Guidance itself.

The Court turns to address Mr. McCoy's other arguments. First, the Court can dispose of the foreign law reference since Mr. McCoy wisely concedes that he is not asserting a UK law, which would not support federal question jurisdiction anyway. 28 U.S.C. § 1331 (referencing laws of the United States). Second, Mr. McCoy's argument that Biomat's Motion to Dismiss should be denied because Biomat does not have a "reasonable excuse" or "meritorious defense" is unavailing in this context because such language is the standard for setting aside an entry of default, which has not occurred[4] and is not the issue at hand. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) ("the defendant must show (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint" to succeed in vacating an entry of default).

The Court now turns to focus on the substance of Mr. McCoy's claim—that he was discriminated against on the basis of his sexual orientation—and evaluates, consistent with the obligation to construe *pro se* pleadings liberally, *see, e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019), and the rule that a plaintiff, especially a *pro se* plaintiff, need not allege legal theories,

---

[4] Mr. McCoy made this argument in his response to Biomat's Motion to Dismiss, [Filing No. 18], but even if the Court considered it as made in his arguments pertaining to his Motion for Default Judgment, the outcome of the Court's ruling on the Motion for Default Judgment would not change for the same reason as here—the language is the standard for setting aside an entry of default, and no entry of default has occurred in this case.

11

*Sargent v. Barfield*, 87 F.4th 358, 361-62 (7th Cir. 2023), whether there are any federal laws that can serve as the basis for federal question jurisdiction under 28 U.S.C. § 1331.

The prominent federal laws that prohibit discrimination include: Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.* ("Title II"); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* ("Title VI"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"); the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); and 42 U.S.C. § 1981.

None of these statutes are applicable to Mr. McCoy's claim. Sex or sexual orientation is not a protected characteristic under Title II, Title VI, the ADEA, or 42 U.S.C. § 1981 and therefore do not fit the substance of Mr. McCoy's claim. 42 U.S.C. § 2000a (Title II, which prohibits discrimination in any place of public accommodation on the basis of "race, color, religion, and national origin"); 42 U.S.C. § 2000d (Title VI, which prohibits discrimination on the basis of "race, color, or national origin" by "any program or activity receiving Federal financial assistance"); 29 U.S.C. § 623 (the ADEA, which prohibits age discrimination of employees who are forty years old and older); 42 U.S.C. § 1981 (prohibits discrimination on the basis of race in the making and enforcing of contracts); *Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 892 (7th Cir. 2016) ("Section 1981 causes of action are limited to discrimination claims based on race."). Title VII prohibits discrimination in employment practices, 42 U.S.C. § 2000e-2, but there is no allegation that Mr. McCoy and Biomat had a prospective or actual employment relationship. The ADA prohibits discrimination against qualified individuals on the basis of a disability, 42 U.S.C. §12101, but there is no allegation that Mr. McCoy is disabled. And lastly, Title IX prohibits discrimination on the basis of sex by "any education program or activity receiving Federal financial assistance," 20

U.S.C. § 1681(a), but Biomat is not an education program or activity as defined by the statute, *see id.*

Because there is not a federal law that can serve as the basis for federal question jurisdiction over Mr. McCoy's Complaint, the Court **GRANTS** Biomat's Motion to Dismiss on the ground that the Court lacks jurisdiction. The Court does not consider Biomat's alternative arguments under Rule 12(b)(6) since it lacks jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

### III.
#### CONCLUSION

For the foregoing reasons, the Court:

- **DENIES** Mr. McCoy's Motion for Default Judgment, [11];

- **GRANTS** Biomat's Motion to Dismiss on the ground that the Court lacks jurisdiction, [16]; and

- **DISMISSES WITHOUT PREJUDICE**[5] Mr. McCoy's Complaint, [1].

Final judgment shall enter accordingly.

Date: 7/31/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to**

Keith McCoy
4001 E. 38th St.
Indianapolis, IN 46218

---

[5] A dismissal for lack of jurisdiction is without prejudice. *See Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 661 (7th Cir. 2011).